

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00351-CR

CHRISTY LYNN LANDRUM HAMBY, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A17795-0809, Honorable Robert W. Kincaid, Jr., Presiding

October 13, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Christy Lynn Landrum Hamby appeals the decision to revoke her community supervision. The trial court originally convicted and sentenced her for theft of property. The sentence was suspended, though, and she was placed on community supervision for ten years. While she served her community supervision, the State moved several times to suspend it. In its last motion, it alleged that she violated the conditions of her probation requiring her to supply income tax returns and make monthly payments covering the supervision fee, court costs and restitution imposed on her. The trial court

found the allegations true, revoked her community supervision, and sentenced her to a seven-year prison term. She appealed. Her multiple issues concern the sufficiency of the evidence underlying the trial court's findings that she violated the aforementioned conditions of her supervision. We affirm.

We discussed the pertinent standard of review in *Sharp v. State*, No. 07-19-00409-CR, 2020 Tex. App. LEXIS 7124 (Tex. App.—Amarillo Sept. 2, 2020, pet. ref'd) (mem. op., not designated for publication) and apply it here. Under that standard, the violation of a single term of probation supports a decision to revoke. *Id.* at *4.

As previously mentioned, one of the conditions the State alleged she violated concerned the deliverance of income tax returns. This default purportedly occurred for several years, one of which was 2013. Evidence appears of record illustrating that appellant was asked about the status of her 2013 return; it had not been delivered. According to her probation officer, appellant acknowledged filing the return and promised to deliver it. That promise went unfulfilled. And though appellant had difficulty recalling whether that exchange with her probation officer ever occurred, the trial court was entitled to accept the officer's testimony about the conversation as true. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (stating that "the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony"). So, there appears of record some evidence supporting the court's finding that she violated a term of her community supervision. That being true and because proof of one violation supports a decision to revoke, we cannot say that the trial court abused its discretion by granting the motion to revoke, revoking appellant's community supervision, and sentencing appellant to prison.

We overrule appellant's issues and affirm the judgment of the trial court.

Per Curiam

Do not publish.